# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **TAMAR DEVELL HARVEY,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:16CV00092 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **THE COMMONWEALTH OF VIRGINIA,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| | ) | |
| Respondent. | ) | |

*Tamar Devell Harvey, Pro Se Petitioner.*

The petitioner, Tamar Devell Harvey, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, among other things, alleging that prison officials' inadequate medical care entitles him to release from incarceration. After review of the petition and the record, I find that the petition must be summarily dismissed.

I.

According to the petition and state court records available online, Harvey pleaded guilty in the Richmond City Circuit Court to charges of robbery of a banking institution and wearing a mask in public. He was sentenced on November 20, 2014, to a prison term and is now incarcerated at Augusta Correctional Center.

Harvey did not appeal his convictions. Moreover, state court records online appear to indicate that he has not filed habeas corpus proceedings in any state court.

Harvey has pursued civil actions about the medical care he has received while in jail or prison. First, Harvey filed a § 1983 complaint in the United States District Court for the Eastern District of Virginia against medical staff at the Richmond City Jail, where he was incarcerated from December 2013 to January 2015. The Eastern District granted the defendants' Motion for Summary Judgment, and the United States Court of Appeals for the Fourth Circuit affirmed. *See Harvey v. Emran*, No. 1:14CV657 GBL/TCB, 2015 WL 6694094, at *1 (E.D. Va. Oct. 30, 2015), *aff'd*, No. 15-7818, 2016 WL 3162967 (4th Cir. June 7, 2016)(unpublished).

Harvey has also filed a § 1983 action in this court. *See Harvey v. Moreno*, No. 7:16CV00097. In his § 1983 complaint, Harvey alleges that medical professionals at Augusta Correctional Center have provided inadequate medical care during his incarceration there from November 2015 through March 2016. (Compl., ECF No. 1.) The § 1983 case is currently before the Hon. Elizabeth K. Dillon, United States District Judge, on the parties' Motions for Summary Judgment.

As stated, before me in the instant case is Harvey's § 2254 petition. Harvey contends that the allegedly inadequate medical treatment he has received while

incarcerated violated his Eighth Amendment rights so that he is entitled to habeas relief in the form of release from confinement. Harvey also seeks monetary damages.

II.

The federal habeas corpus statutes grant a district court jurisdiction to entertain petitions for habeas corpus relief for persons who demonstrate that they are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3), 2254(a); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

> "It is well settled that challenges to the fact or length of confinement are properly considered in the context of habeas corpus" while challenges to the conditions of one's confinement are properly brought as civil rights actions. *See Plyler v. Moore*, 129 F.3d 728, 733 (4th Cir. 1997) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973) (holding that a challenge to the length of "actual confinement in prison" must be brought as a habeas corpus action)); *Todd v. Baskerville*, 712 F.2d 70, 72 (4th Cir. 1983). [If a] petition challenges the conditions of [the petitioner's] confinement rather than the fact or length of his confinement, it cannot proceed as a habeas corpus action.

*Robinson v. Creasey*, No. 5:07-CV-00347, 2009 WL 1073642, at *8 (S.D.W. Va. Apr. 21, 2009). Accordingly, challenges to conditions of confinement, such as access to medical care, are not properly brought by way of Federal habeas corpus proceedings. *McCain v. Garrity*, No. 3:02CV435, 2002 WL 32362032 (E.D. Va. July 16, 2002) (finding a claim relating to medical care was improperly advanced under 28 U.S.C. § 2241). Similarly,

> If a state prisoner is seeking damages, he is attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release—the traditional purpose of habeas corpus. In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy.

*Preiser*, 411 U.S. at 494.

Harvey's claim, centered on his allegedly inadequate medical treatment while in prison, is not a proper habeas claim. This petition does not attack the fact or length of his custody and detention based on alleged constitutional violations during the criminal proceedings. Rather, Harvey's claim challenges the conditions of his confinement — the medical treatment prescribed and provided during confinement — and seeks relief in the form of release from confinement and monetary damages to reimburse him for pain and suffering. Such claims are not cognizable under § 2254 and must be summarily dismissed.[*]

A separate Final Order will be entered herewith.

DATED: July 12, 2016

/s/ James P. Jones
United States District Judge

---

[*] Because Harvey has already pursued a civil action about his medical care at the jail in Richmond and has a pending § 1983 action about his medical treatment at Augusta, I will not construe his § 2254 petition itself as a separate § 1983 complaint.